IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18CV79-GCM

| | |
|---|---|
| AXIS SURPLUS INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) BUCKEYE FIRE EQUIPMENT CO., ) ) Defendant. ) ) ) | ORDER |

This matter is before the Court upon the Defendant's Motion to Stay this case until the final resolution of all of the Underlying Lawsuits in the multi-district litigation, *In re: Aqueous Film-Forming Foams Products Liability Litigation*, 2:18-mn-02873-RMG, et al., pending in the United States District Court for the District of South Carolina. The Underlying Lawsuits all allege that Buckeye and other defendants manufactured, marketed, and sold certain aqueous film-forming foam products[1] that contained harmful chemicals which contaminated surface and groundwater causing environmental damage and certain health problems or an increased likelihood of health problems.

Plaintiff Axis issued a Commercial General Liability Policy to Buckeye with a policy period of July 1, 2006 to July 1, 2007. Buckeye has tendered the defense and indemnification of the Underlying Lawsuits to Axis, who is currently defending Buckeye in those suits under a reservation of rights. Axis filed this Declaratory Judgment action seeking, *inter alia*, a declaration that it has no duty to defend or indemnify Buckeye in the Underlying Lawsuits.

---
[1] The products were used in firefighting exercises at various locations.

1

Buckeye now seeks to stay this action until the completion of discovery in and ultimate resolution of the Underlying Lawsuits, arguing that the coverage dispute at issue cannot be resolved until the "relevant facts" are determined in the Underlying Lawsuits. (Doc. No. 22, p.4). Axis asserts, and the Court agrees, that it would be severely prejudiced by such a stay, and that the coverage issues herein do not depend on the conclusion of discovery nor an adjudication of Buckeye's liability in the Underlying Lawsuits. Rather, the parties' rights under the Policy can be determined through limited discovery in this action of materials and information in Buckeye's sole possession and control.

The Court will therefore deny a stay in this case. Should the parties require an extension of the deadlines set forth in the Pretrial Order and Case Management Plan entered on June 20, 2018, the Court will entertain a motion.

IT IS THEREFORE ORDERED that Defendant's Motion to Stay is hereby DENIED.

Signed: August 26, 2019

Graham C. Mullen
United States District Judge